**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| NAJEH ABDALLAH, individually and on behalf of classes of similarly situated individuals, | ) ) ) | |
| | ) | |
| *Plaintiff*, | ) | No.  1:16-cv-03967-JBG |
| | ) | |
| v. | ) | |
| | ) | Judge:  Hon. Joan B. Gottschall |
| FEDEX CORPORATE SERVICES, INC., a Delaware corporation, | ) ) | |
| | ) | |
| *Defendant*. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Najeh Abdallah ("Plaintiff") brings this first amended class action complaint against Defendant FedEx Corporate Services, Inc. ("FedEx") to stop Defendant's practice of placing unauthorized telephone calls to consumers, and to obtain redress for all persons injured by its conduct.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      In an effort to advance its shipping business, Defendant, a provider of domestic and international package delivery services, violated federal law by making unauthorized automated delivery notification calls to the telephones of consumers throughout the nation.

2.      By effectuating these unauthorized calls, Defendant has violated the called parties' statutory rights and has caused the call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited automated calls but also because the called parties, like Plaintiff, must

1

frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3.      In order to redress these injuries, Plaintiff, on behalf of himself and three nationwide classes, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated cellular telephone calls.

4.      On behalf of the proposed classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized automated calling activity and an award of actual and statutory damages to the members of the classes, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

5.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant is registered to conduct business in this District; Defendant conducts business in this District; Defendant maintains offices in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized calls at issue were received in this District.

**PARTIES**

7.      Plaintiff is a resident of Illinois.

8.      Defendant Fedex is a Delaware Corporation with its principal place of business located in Tennessee, and conducts business in this District.

2

## COMMON ALLEGATIONS OF FACT

9.    Defendant, a worldwide shipper of packages, ordinarily provides its shipping services to consumers on a fee-for-shipment basis, whereby consumers agree to pay a set fee upon placement of an order for a package to be shipped to a given destination.

10.    As an ordinary business practice, Defendant collects the telephone numbers of its customers when a customer account is opened and/or when an order is placed, which are then used as part of Defendant's automated calling operation to notify consumers of failed deliveries and solicit the sale of its shipping services including return delivery options.

11.    Upon information and belief, Defendant places the automated notification and solicitation calls at issue, including certain of the calls made to Plaintiff, using a "predictive dialer," – or equipment which had the present functionality to operate as a predictive dialer – which automatically places calls at certain intervals until the called party either answers the call or his or her voicemail is reached, at which time the automatic dialer attempts to connect the call with a human representative.

12.    In an effort to reduce costs associated with maintaining its automated calling operation, Defendant spurns any procedures necessary to confirm that the telephone numbers to which Defendant places such automated calls actually belong to the customers who have provided them to Defendant and to honor requests to stop placing such calls to telephone numbers that have been reported to Defendant as being incorrect.

13.    As a consequence, many of the telephone numbers Defendant receives in connection with its package delivery notification and solicitation operation are inaccurate, or

3

have become inaccurate, and result in Defendant routinely placing such automated calls to individuals who have never provided consent to be called by Defendant for such purpose.

14. In addition to being an aggravating invasion of privacy, unsolicited automated telephone calls actually cost recipients money because called parties such as Plaintiff must frequently pay their cellular telephone service providers for the calls they receive, incur a usage deduction to their cell phone plan, or pay a fixed or variable usage fee regardless of whether the call is authorized.

15. For example, beginning in 2015, if not earlier, Plaintiff has repeatedly, and on a weekly if not daily basis, had his privacy invaded by Defendant, receiving hundreds of automated calls on his cellular telephone, including numerous calls from (800) 463-3339 and (512) 681-5896—phone numbers associated with Defendant's automated calling operation.

16. When Plaintiff would answer the calls placed by Defendant he would be informed at the outset that such calls were being recorded and/or monitored before further communication from Defendant's service representatives—indicating that the call was placed using an automatic telephone dialing system.

17. Regardless of whether Plaintiff picked up the phone or the call went to the Plaintiff's voicemail, all of the calls featured a scripted message attempting to notify numerous different individuals unknown to Plaintiff who were apparent customers of Defendant's shipping services of failed package deliveries and solicit the purchase of Defendant's return delivery services.

18. Exasperated, Plaintiff repeatedly informed Defendant's customer service department, as well as Defendant's counsel following the filing of Plaintiff's complaint, that Defendant had been calling the wrong number and that his phone number did not belong to the

apparent customers that Defendant intended to reach. Plaintiff repeatedly informed Defendant and Defendant's counsel that Defendant did not have permission to call his cell phone number. However, Plaintiff's complaints were repeatedly ignored and unresolved by Defendant and Plaintiff continued to receive the unauthorized automated calls even after Plaintiff sent Defendant a letter by certified U.S. mail identifying his cellular telephone number and requesting that Defendant discontinue calling his cellular telephone and even though Plaintiff's cellular telephone number was registered at all relevant times on the National Do-Not-Call Registry.

19. Plaintiff has continued to receive numerous unauthorized automated calls from Defendant even after the filing of this lawsuit and more than a month after providing Defendant's counsel with Plaintiff's cellular telephone number, having received such calls from Defendant and/or its agents as recently as May 24, 2016. Indeed, the automated call Plaintiff received on such date contained the following scripted message that was typical of the other automated calls he had previously received:

> Hello, this is Raquel with Fedex International Trace Team. I'm calling regarding a package that was shipped to China with a tracking number of 746162961490. The reason for our call is to inform you that the receiver has requested to leave the package and send the package back to you. So we need to know if you authorize and agree to have the package returned and agree to pay for the return fee using your Fedex account number. Please call us back as soon as possible at the phone number 1-800-247-4747. We need to have that information within the first 90 days of the package arrival at customs so that line will be on July 23rd. After that the package will be destroyed. Please call us back as soon as you can. The phone number is 1-800-247-4747. Remember this option ends on July 23rd. Thank you very much for shipping with Fedex. We appreciate your business. Please call us back.

20. Defendant's practice of making misdirected automated calls to consumers who did not consent to receive such calls is widespread and well-documented, as seen from just a few samples of the many complaints involving such calls that have been publicly posted online related to the (800) 463-3339 phone number that Plaintiff received calls from:

5

- "Received call from this number which said 'Unavailable' on the caller ID. The caller said she was from FedEx and was looking for a '[name]' to talk about a package delivery. Told her there was no one here with that name at this number and she hung up." – January 6, 2015.

- "It is fed ex calling. They wanted prepayment for clearing the package thru customs. It's an item that I bought for $200 and they want $84 to get it from customs. They don't tell u , that u can pick up paperwork and go and clear the item thru customs. It cost me $9 at customs to clear the package customs office 3 mins from fedex.  It's a huge ripoff fedex and a few other couriers are using to hugely increase their shipping charges. I paid the selling company for shipping and handling. It was an automated call and the name of the company was so garbled I couldn't tell from where the package was coming" – February 4, 2015.

- "Telephone messages daily for the last 14 days - each a different tracking number, requesting I leave a note on my door with my signature to forward fedex shipment to an alternate address...  am not expecting a fedex shipment at all -I have not responded either by phone or on the web, but would love to have these msgs stop!" – July 11, 2012.

- "FedEx calls 10 to 20 times per day about package drop offs, thinking that it's calling a business. The company has no explanation and will not stop this." – August, 12, 2013.

- "Allegedly FedEx trying to help my business grow by selling me junk  Except I don't have a business, and they just called my cell phone." – June 19, 2015.

- "I am not expecting anything from FedEx, so not sure why I'm getting repeated calls from their number.  The calls at coming from 1-800-463-3339. No message, just call and hang up." – July 28, 2015.

- "No answer, repeatedly called 3-4 times a day for 2 day now.  No answer when I pick up" – April 23, 2015.

21.     Even though Defendant has the technological and practical capability to immediately cease placing such unauthorized automated notification and solicitation calls upon request, Defendant has implemented policies, practices or procedures that prevent such requests from being honored.  As such, Defendant's policies, practices and procedures for honoring do-not-call requests are not reasonable, and are insufficient to prevent calls from being made to persons who request to no longer receive them.

22.     At no time did Plaintiff provide consent, including any express written consent, to receive Defendant's automated notification and solicitation calls.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and three classes (the, "Classes") defined as follows:

(i) Called Party Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more cellular telephone calls from Defendant placed through an automatic telephone dialing system where the called party was not the same individual who, according to Defendant's records, was called;

(ii) Revocation Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone placed through an automatic telephone dialing system after communicating to Defendant, as shown by Defendant's records, a request that Defendant stop placing any calls to that telephone number.

(iii) Do-Not-Call Class: All persons in the United States who did not provide Defendant prior express written consent to receive telephone solicitation calls and within four years prior to the commencement of this litigation received at least two telephone solicitation calls from Defendant in a 12-month period promoting Defendant's services which were received more than 31 days after the recipient's telephone number was registered with the National Do-Not-Call Registry.

24.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously

prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

25. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

27. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

28. Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a)     Did Defendant systematically place calls using an automatic telephone dialing system to persons that did not previously provide Defendant with consent to call their respective telephone numbers?

(b)     Did Defendant systematically continue to place calls using an automatic telephone dialing system to persons who communicated to Defendant that they did not consent to receive such calls from Defendant?

(c)     Did Defendant systematically place solicitation calls to individuals who were registered on the National Do-Not-Call Registry?

(d)     Did the calls made by Defendant violate the called parties' respective rights to privacy?

(e)     Was Defendant's conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(f)     Should Defendant be enjoined from continuing to engage in such conduct?

**COUNT I**
**Violation of Telephone Consumer Protection Act (47 U.S.C. § 227) on behalf of the Called Party and Revocation Classes**

30.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31.     Defendant made unauthorized telephone calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Called Party Class and Revocation Class.  Each such automated call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

32.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

9

33.     As a result of Defendant's illegal conduct, the members of the Called Party Class and Revocation Class suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

34.     As a result of Defendant's willful conduct as to the Plaintiff and the other members of the Revocation Class, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Revocation Class.

**COUNT II**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5))**
**on behalf of the Do-Not-Call Class**

35.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36.     Defendant made at least two telephone calls in a 12-month period to the telephone numbers of Plaintiff and the other members of the Do-Not-Call Class that solicited Defendant's return shipping services.

37.     Each such call was placed more than 31 days after Plaintiff and the other members of the Do-Not-Call Class had registered their respective phone numbers with the National Do-Not-Call Registry.

38.     Plaintiff and the other members of the Do-Not-Call Class never gave prior express written consent to Defendant to receive such telephone solicitation calls.

39.     Defendant's conduct violated the TCPA, 47 U.S.C. § 227(c)(5) and its implementing regulations 47 C.F.R. 64.1200(c)(2) and 47 C.F.R. 64.1200(e).

40.      As a result of Defendant's illegal conduct, the members of the Do-Not-Call Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47

U.S.C. § 227(c)(5)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above;

B.      An award of the greater of actual or statutory damages;

C.      An injunction requiring Defendant to cease all unauthorized automated telephone activities;

D.      An award of reasonable attorneys' fees and costs;

E.      Pre-judgment interest from the date of filing this lawsuit;

F.      An award of reasonable attorney's fees and costs; and

G.      Such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 25, 2016

Respectfully submitted,

NAJEH ABDALLAH, individually and on behalf of classes of similarly situated individuals

By: /s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Myles McGuire
Eugene Y. Turin
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com