IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Najeh Abdallah,

Plaintiff,

v.

FedEx Corporate Services, Inc., Harte Hanks, Inc., C3/CustomerContactChannels, Inc.,

Defendants.

Case No. 16-CV-03967
Judge Jeffrey T. Gilbert

## ORDER

The Joint Motion for Stay of Proceedings Pending Ruling by the D.C. Circuit Court of Appeals [ECF No. 45] filed by Defendants FedEx and C3, and joined by Harte Hanks [ECF No. 48], is granted. The previously set ruling date of March 22, 2017 [ECF No. 59] is stricken with no appearances necessary. Status hearing set for June 1, 2017, at 10:00 a.m. See the Statement below for further details.

## STATEMENT

This is a proposed class action suit for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff Najeh Abdallah ("Plaintiff") alleges he received hundreds of delivery notification and solicitation phone calls from Defendants Harte Hanks, Inc. ("Hart Hankes") and C3/CustomerContactChannels, Inc. ("C3"), both of which placed calls on behalf of Defendant FedEx Corporate Services, Inc. ("FedEx"). Plaintiff alleges that these calls were unauthorized and were made without his prior express consent using an automatic telephone dialing system ("ATDS") in violation of the TCPA. [ECF No. 32]. Under the TCPA, an ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff also alleges Defendants made at least two phone calls in a twelve-month period to Plaintiff and others registered with the National Do-Not-Call Registry, in violation of the TCPA. *Id.* § 227(c)(5).

Defendants jointly moved to stay proceedings in this case pending a ruling by the United States Court of Appeals for the District of Columbia Circuit ("the D.C. Circuit") in *ACA International v. FCC*, No. 15-1211 (D.C. Cir.). One of the issues raised in *ACA International* is whether the meaning of the word "capacity" as used in the TCPA's definition of an ATDS means only the "present capacity" of the equipment to produce and dial phone numbers when the calls at issue were made or whether the word "capacity" also includes the "potential capacity" to produce and dial phone numbers at the time the calls were made. In this case, Defendants argue the Court should stay discovery because the D.C. Circuit's anticipated ruling on the meaning of the term "capacity" in *ACA International* may narrow or eliminate Plaintiff's ATDS claim in this case. [ECF No. 45-2]. Defendants argue that, at the very least, the ruling by the D.C. Circuit

will inform and focus the scope of discovery on the ATDS claim. Plaintiff argues that, regardless of what the D.C. Circuit decides in *ACA International*, issues of fact still exist that will require at least some discovery on Plaintiff's ATDS claim. So, Plaintiff argues, discovery should be allowed to proceed now rather than only after a decision is rendered in *ACA International*. [ECF No. 56].

The Court grants Defendants' Joint Motion for Stay of Proceedings for the following reasons:

1. The D.C. Circuit's ruling in *ACA International*, though not binding, will provide this Court with valuable input on the merits of Plaintiff's ATDS claim and the permissible scope of discovery on that claim in this case. The *ACA International* case was argued to the bench in Washington, D.C., in October 2016, so it is not unreasonable to assume a decision will be forthcoming in the not too distant future. Plaintiff has not shown that he will be prejudiced unduly if he has to wait to commence discovery in this case until a decision is issued in the *ACA International* case.

2. Plaintiff recently served upon Defendants 84 requests for production of documents and 14 interrogatories. [ECF No. 58]. Plaintiff's requests for production of documents include 40 separately-defined terms and 16 separately-numbered "instructions." During a status hearing on March 16, 2017, Plaintiff conceded these discovery requests are over-inclusive and will need to be fine-tuned and focused before Defendants respond to them. Plaintiff also conceded that the D.C. Circuit's ruling in *ACA International* will have some informative effect on the scope of permissible discovery in this case, and that discovery in this case could be more focused after the ruling in *ACA International*.

3. Plaintiff suggested that the parties meet and confer about Plaintiff's discovery requests and begin the fine-tuning process now, and that Defendants not actually be required to respond to Plaintiff's written discovery until after the D.C. Circuit rules in *ACA International*. In the Court's view, however, any meet and confer process designed to fine-tune Plaintiff's numerous discovery requests will be aided materially by the D.C. Circuit's decision in *ACA International*. In fact, neither Plaintiff nor Defendants seem to disagree with that proposition. Therefore, any discussions the parties and counsel might have now about Plaintiff's discovery requests likely would have to be reprised or at least reevaluated after the D.C. Circuit's decision.

4. All parties concede Plaintiff's Do-Not-Call claim likely will be unaffected by any ruling in *ACA International*, but Defendants say they intend to file a motion for judgment on the pleadings with respect to that claim. Plaintiff concedes that, if such a motion is not construed as a summary judgment motion, as to which Plaintiff could seek Rule 56(d) discovery, then no discovery would be necessary for the Court to rule on the motion for judgment on the pleadings on the Do-Not-Call claim.

5. As noted above, *ACA International* was argued in October 2016, over five months ago. Therefore, a decision in *ACA International* likely will be rendered sooner in the gestation of this case than was likely in some of the other cases in which courts have denied motions to stay pending a decision in *ACA International*. *See, e.g., Edwards v. Oportun, Inc.*, 2016 WL 4203853 (N.D. Cal. June 14, 2016). Moreover, Defendants in this case have disclaimed any intention to seek to extend a stay of discovery here pending further review of the *ACA International* decision

by the full D.C. Circuit or the Supreme Court. Therefore, we are not talking about a stay that would be in effect for an indeterminate length of time. Once the D.C. Circuit rules, Defendants concede Plaintiff should be permitted to go forward with discovery against what they argue will be a more informed and developed backdrop of the applicable law. To this Court, that makes sense.

Accordingly, for all of these reasons, the Court believes prudence and the balance of hardships weigh in favor of a stay of discovery in this case pending a decision in *ACA International*. The Court, however, will set a status hearing in 75 days so that it can continue to appraise the propriety of staying discovery in this case. Status hearing set for June 1, 2017, at 10:00 a.m. If the D.C. Circuit issues a ruling in the *ACA International* case before that date, the parties individually or jointly should bring to the Court's attention that development.

The previously set ruling date of March 22, 2017 [ECF No. 59] is stricken with no appearances necessary.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Date: March 20, 2017

3